**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mehar Khurram Shahzad, | ) |
| Petitioner, | ) CIV 13-01176 PHX DGC MEA |
| v. | ) REPORT AND RECOMMENDATION |
| John Gurule, Field Office Director, Arizona, | ) |
| Respondent. | ) |

**TO THE HONORABLE DAVID G. CAMPBELL:**

On June 11, 2013, Mr. Mehar Shahzad ("Petitioner"), who is pro se in this matter, filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief pursuant to 28 U.S.C. § 2241, alleging his continued detention by Respondent violates federal law and his constitutional rights. Respondent filed a Response in Opposition to Petition for Habeas Corpus ("Response") (Doc. 11) on August 19, 2013. Petitioner filed a reply (Doc. 12) to the response on September 12, 2013.

**I  Background**

Petitioner is a thirty-five-year-old native and citizen of Pakistan. See Answer, Exh. 1. On July 24, 2005, in Pakistan, Petitioner married a naturalized United States citizen. Id., Exh. 2. On December 13, 2005, Petitioner's wife

filed a Petition for Alien Relative on Petitioner's behalf. The petition was approved on April 3, 2006. Id., Exh. 2. On December 11, 2007, Petitioner was admitted to the United States as lawful permanent resident ("LPR") at San Francisco, California. Id., Exh. 1 & Exh. 4.

On December 2, 2009, Petitioner was convicted in the California Superior Court, Alameda County, on one count of rape and one count of committing a lewd act upon a child. As a result of these convictions Petitioner was sentenced to a total of four years in prison. Id., Exh. 5.

On June 26, 2012, the government placed Petitioner in removal proceedings by serving him with a Notice to Appear. Id., Exh. 6. At that time Petitioner was in the custody of Immigration and Customs Enforcement ("ICE"). Id., Exh. 6. The Notice to Appear charged Petitioner with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), i.e., that Petitioner was an alien convicted of an aggravated felony and a crime of violence. On August 8, 2012, the government also charged Petitioner with removability, i.e., that Petitioner was an alien convicted of an aggravated felony, pursuant to 8 U.S.C. § 1101(a)(43)(A) and § 101(a)(43)(A) of the INA, because he had been convicted of the murder, rape, or sexual abuse of a minor. Id., Exh. 7.

On October 31, 2012, an Immigration Judge ("IJ") sustained the charges of removal and ordered Petitioner removed to Pakistan. Id., Exh. 8. Petitioner waived his right to appeal this decision and, accordingly, the Order of Removal

became final at that time.  Id., Exh. 8.

On November 1, 2012, the government sought travel documents, necessary to effect Petitioner's removal to Pakistan, from the Consulate General of Pakistan in Los Angeles, California.  Id., Exh. 9. On November 27, 2012, Consular Attachè Shahid Hussain Khan sent the government a letter stating that the request was being processed.  Id., Exh. 10.

On December 7, 2012, the government served Petitioner with a Notice to Alien of File Custody Review.  Id., Exh. 11.

On December 24, 2012, Consular Officer Khan sent the government a letter requesting a meeting with Petitioner.  Id., Exh. 12.  On January 4, 2013, Dr. Huhammad Khalid Ejza from the Pakistani Consulate interviewed Petitioner at the Florence Detention Center.  Id., Exh. 13.  On January 14, 2013, the government requested assistance in obtaining travel documents from the United States Headquarters Travel Document Unit ("HQTDU").  Id., Exh. 13.  On January 15, 16, and 17, 2013, the government was again in contact with Consular Officer Khan.  Id., Exh. 13. Consular Officer Khan stated he would inform the government if a travel document was received.  On February 18 and 26, 2013, the government again contacted Consular Officer Khan and was told Khan would contact the government at a later date.  Id., Exh. 13.

On February 22, 2013, the government served Petitioner with its Decision to Continue Detention.  The government determined Petitioner would remain detained and that jurisdiction of the case would be transferred to the headquarters Post Order Custody Review ("POCR") unit on or about

1  April 29, 2013.  Id., Exh. 14.

2       On March 5, 2013, the government contacted Consular Officer Khan and was told Khan's office was awaiting a response from Pakistan regarding the travel document.  Id., Exh. 13, ¶ 12.  On March 11, 2013, HQTDU advised the government they were in communications with Minister Rathore at the Pakistani Embassy in Washington, D.C., regarding the pending request for a travel document.  The Pakistani embassy advised the government that Petitioner had a police clearance and valid identification number from Pakistan.  Id., Exh. 13.  On March 26, 2013, and on April 1, 12, and 26, 2013, additional phone calls were made to Consular Officer Khan.  The government was told the request for a travel document remained pending.  Id., Exh. 13.

       On April 29, 2013, the government submitted a 180-day Headquarters Case Management Unit checklist to the POCR unit in Washington, D.C.  Id., Exh. 13.

       On May 2, 2013, Consular Officer Khan informed the government that Petitioner's travel document was pending.  Id., Exh. 13.  On May 9, 2013, the government sent an email to the Pakistani Desk Officer at the United States Department of State, requesting her assistance in securing the travel document.  Id., Exh. 13.

       On May 10, 2013, the government served Petitioner with its Decision to Continue Detention. The government determined Petitioner would remain detained, that ICE was working with the Pakistani government to procure a travel document and that Petitioner's removal to Pakistan was expected in the reasonably foreseeable future.  Id., Exh. 15.

Between May 29, 2013, and July 23, 2013, additional phone calls were made to Consular Officer Khan and the government was told the request for a travel document remained pending.  Id., Exh. 13.

On June 11, 2013, Petitioner filed his habeas petition.

On July 24, 2013, the government contacted Consular Officer Khan and was told a response from the Pakistani government regarding Petitioner's travel documents had not been received.  Mr. Khan also informed the government that he had submitted a dispatch to Pakistan inquiring as to the status of the travel document.  Id., Exh. 13.

On July 31, 2013, the government served Petition with another Decision to Continue Detention.  Id., Exh. 13.

On August 15 and 16, 2013, the government again contacted to Consular Officer Khan for the status of the travel document and was told the issuance of the travel document was pending.

**II  Analysis**

The Court may issue a writ of habeas corpus to a Department of Homeland Security detainee who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).   Petitioner is a lawful permanent resident who has been ordered removed from the United States and whose order of removal is administratively final. Section 231 of the INA, codified at 8 U.S.C. § 1231, governs the detention of aliens whose order of removal is administratively final.

Federal law provides: "Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). In <u>Zadvydas v. Davis</u>, the United States Supreme Court held section 1231 could not be read to authorize the potentially indefinite detention of a removable alien. The Supreme Court concluded due process concerns were implicated by the detention of an alien, pending their removal from the United States, for more than six months after the expiration of the removal period. <u>See</u> 533 U.S. 678, 121 S. Ct. 2491 (2001).

In <u>Zadvydas</u> the United States Supreme Court also held that, absent special circumstances, resident aliens who demonstrate that they are unlikely to be removed in the reasonably foreseeable future, primarily because no country will accept them, cannot be indefinitely detained pending their detention. <u>See</u> 533 U.S. at, 121 S. Ct. at. The Court construed 8 U.S.C. § 1231(a)(6), authorizing detention beyond the ninety-day removal period, to limit such detention to a period reasonably necessary to effect removal.

Petitioner's order of removal became administratively final on October 31, 2012. The 90-day removal period expired January 28, 2013. The six-month presumptively reasonable post-removal period term of detention expired July 27, 2013. Accordingly, at this time Petitioner has been held for two months beyond the presumptively reasonable post-removal period.

> [In Zadvydas t]he Court determined that for six months following the beginning of the removal period an alien's detention was presumptively authorized. [] However, after that period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing" in order to continue to detain the alien. []

Rodriguez v. Hayes, 591 F.3d 1105, 1115 (9th 2010) (internal citations omitted).

Petitioner's removal is not indefinite, as Pakistan has not refused his repatriation, nor at this time has his detention by Respondent been sufficiently lengthy to implicate his due process rights. Accordingly, Petitioner is not entitled to federal habeas relief pursuant to section 2241. See, e.g., Prieto-Romero v. Clark, 534 F.3d 1053, 1063-64 (9th Cir. 2008).

**III Conclusion**

Petitioner is not entitled to relief pursuant to section 2241 because, although he has been detained for two months beyond the presumptively reasonable post-removal period, he has not established that his detention is potentially indefinite such as to implicate his right to due process.

**IT IS THEREFORE RECOMMENDED** that Mr. Shahzad'sPetition for Writ of Habeas Corpus be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 23rd day of September, 2013.

_____
Mark E. Aspey
United States Magistrate Judge