**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mehar Khurram Shahzad, | No. CV-13-01176-PHX-DGC (MEA) |
| Petitioner, | **ORDER** |
| v. | |
| Jon Gurule, | |
| Respondent. | |

Petitioner Mehar Khurram Shahzad, a native and citizen of Pakistan, was admitted to the United States as a lawful permanent resident on December 11, 2009.  Doc. 13 at 2.  On December 2, 2009, Petitioner was convicted in California on one count of rape and one count of committing a lewd act upon a child.  *Id.*  He was sentenced to four years in prison.  *Id.*  On June 26, 2012, the government placed Petitioner in removal proceedings and, on October 26, 2012, an Immigration Judge ordered Petitioner to be removed to Pakistan.  *Id.*  Petitioner waived his right to appeal and the Order of Removal became final on October 31, 2012.  *Id.* at 2-3, 6.

On November 1, 2012, the government began seeking travel documents necessary to complete Petitioner's removal to Pakistan.  *Id.* at 3.  The office of the Consulate General of Pakistan in Los Angeles, California, responded on November 27, 2012, stating that the request was being processed.  *Id.*  On January 4, 2013, a Consular Officer met with Petitioner as the government continued to work on obtaining the necessary travel documents.  *Id.*  In addition to the Consulate General of Pakistan in Los Angeles, the

government enlisted the assistance of the United States Headquarters Travel Document Unit (*id.*), the Pakistani Embassy in Washington, D.C. (*id.* at 4), and the Pakistani Desk Officer at the State Department (*id.*), in attempting to obtain the necessary travel documents.  The Pakistani government has repeatedly responded – including as recently as August 16, 2013 – that issuance of necessary travel documents is pending.  *Id.* at 4-5.

Petitioner filed a petition for a writ of habeas corpus on June 11, 2013, claiming that his continued detention is unlawful because his removal is not likely to occur in the reasonably foreseeable future.  Doc. 1 at 4.  This Court referred the case to Magistrate Judge Mark E. Aspey, and he issued a Report and Recommendation ("R&R") on August 24, 2013.  Doc. 13.  Judge Aspey recommends that the petition be denied.  *Id.* at 13.  Pursuant to Rule 72(b)(2), Petitioner has filed written objections to the R&R.  Doc. 15.  The Court will accept the R&R, deny Petitioner's habeas petition, and refer the case back to Magistrate Judge Aspey to address Petitioner's new request for a bond hearing.

**I.    Legal Standard.**

A petitioner may file specific, written objections to an R&R within fourteen days after being served with a copy of the R&R.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  The Court must undertake a de novo review of those portions of the R&R to which specific objections are made.  *See* 28 U.S.C. § 636(b) (1); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  The Court may accept, reject, or modify, in whole or in part, the recommendations or findings made by the magistrate judge.  *See* 28 U.S.C. § 636(b)(1).

**II.    Analysis.**

Petitioner objects to the R&R, asserting that he is entitled to complete relief from custody, or, in the alternative, a bond hearing to determine the reasonableness of his continued detention.

**A.    Petitioner's Custody Objection.**

Petitioner argues that his removal is unlikely in the reasonably foreseeable future, and therefore his continued custody is indefinite and unlawful.  Doc 15 at 2.  He argues

that the government must prove that his removal is likely to occur in the reasonably foreseeable future. *Id.* at 3. Petitioner misinterprets the Supreme Court's holding in. *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Court held that 8 U.S.C. § 1231(a)(6) allows for a removable alien to be detained beyond the 90-day removal period "for a time reasonably necessary to secure the alien's removal." *Id.* at 682. Section 1231 does not, however, authorize indefinite detainment. *Id.* While the Supreme Court concluded that due process concerns were implicated once an alien's detention has continued for six-months after the removal period, it held that continued detainment becomes unlawful only if there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. The Court also held that "after this six-month period, and once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* While the post-removal confinement has surpassed the presumptively reasonable six-month period, Petitioner has not provided good reason to believe that his removal is unlikely in the reasonably foreseeable future. Pakistan has not rejected Petitioner's removal, and Pakistani authorities continue to say that they are working to obtain proper documentation to facilitate Petitioner's removal. Doc. 13 at 3-5. Thus, Petitioner's post-removal confinement remains reasonable and his petition for writ of habeas corpus is denied.

**B.    Petitioner's Alternative Relief Objection.**

Petitioner argues that if his habeas petition is not granted he is entitled to a bond hearing to determine the reasonableness of his continued detention. Petitioner raised this argument for the first time in his objections to the R&R. Doc. 15 at 5-7. In response, the government argues that Petitioner is not entitled to a bond hearing because he has never asked for one. Doc. 19 at 2. The government cites no authority for this proposition. The government also argues that Petitioner failed to exhaust his administrative remedies, but cites two Ninth Circuit cases that are factually inapposite to Petitioner's status as a post-removal detainee who has not previously requested a bond redetermination hearing.

Doc. 19 at 3.  Ninth Circuit law states that because Petitioner's order of removal is final, he no longer has direct access to the administrative remedies that were available before his order of removal became final.  *See e.g. Ortiz-Alfaro v. Holder*, 694 F.3d 955, 960 (9th Cir. 2013) (holding that once an order of removal becomes final, an alien no longer has the ability to petition for review of previous administrative determinations).  While the Ninth Circuit has not previously decided a case with an identically situated defendant, *Diouf v. Napolitano* 634 F.3d 1081 (9th Cir. 2011), involved an alien being held under § 1231(a)(6) as well.  In *Diouf*, the Court of Appeals held that § 1231(a)(6) encompasses aliens who, like Petitioner, have exhausted all direct and collateral review of their removal orders but have not yet been removed from the United States.  *Id.* at 1085. Although not addressed by the government in its response, *Diouf* also holds that once an alien is facing prolonged detention – detention beyond the 180-day review – the alien is entitled to an individualized bond hearing before an immigration judge.  *Id.* at 1086.  At this hearing, the alien is entitled to supervised release on bond unless the government establishes that the alien is a flight risk or will be a danger to the community. *Id.*

Because the government has not addressed Petitioner's right to a bond hearing before a neutral arbiter such as an immigration judge, the Court will remand the case to Judge Aspey to consider this issue.  If a bond hearing is necessary, the Court asks for the government's input in determining the proper location and procedure.

**IT IS ORDERED:**

1.     The Report and Recommendation (Doc. 13) is **accepted in full.**

2.     Petitioner's  petition for writ of habeas corpus (Doc. 1) is **denied.**

3.     The case is **remanded** to Judge Aspey for further consideration of Petitioner's right to a bond hearing before an immigration judge.

Dated this 19th day of December, 2013.

_____
David G. Campbell
United States District Judge

- 4 -