IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehar Khurram Shahzad,<br><br>  Petitioner,<br><br>v.<br><br>John Gurule, Field Office Director, Arizona,<br><br>  Respondent. | CIV 13-01176 PHX DGC MEA<br><br>REPORT AND RECOMMENDATION UPON REMAND |

TO THE HONORABLE DAVID G. CAMPBELL:

**Procedural background**

On June 11, 2013, Mr. Mehar Shahzad ("Petitioner"), who is *pro se* in this matter, filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief pursuant to 28 U.S.C. § 2241, alleging his continued detention by Respondent without a bond hearing violated federal law and his constitutional rights. Petitioner was a Lawful Permanent Resident ("LPR") of the United States, detained at the Pinal County Jail, who is under a final order of removal to Pakistan; Petitioner is a native and citizen of Pakistan. Petitioner was ordered removed from the United States because he was found to be an alien convicted in 2009 of an aggravated felony and a crime of violence, and because he had been convicted of the murder, rape, or sexual abuse of a minor.

Respondent filed a Response in Opposition to Petition for Habeas Corpus (Doc. 11) on August 19, 2013. Petitioner filed a reply (Doc. 12) to the response on September 12, 2013. On September 24, 2013, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied because Petitioner was not entitled to relief pursuant to section 2241. Although Petitioner had, at that time, been detained for two months beyond the presumptively reasonable post-removal period, he had not established that his detention was potentially indefinite such as to implicate his right to due process. See Doc. 13.

Petitioner docketed objections to the Report and Recommendation. See Doc. 15. On December 19, 2013, the Court adopted the Report and Recommendation in full. See Doc. 21. The Court further remanded the matter to the Magistrate Judge for consideration of Petitioner's assertion that he was entitled to a hearing before an Immigration Judge regarding his eligibility for release from detention on bond pending his removal to Pakistan. See Doc. 21. On December 27, 2013, the copy of the Court's order at Doc. 21 which was mailed to Petitioner was returned to the Court as undeliverable because Petitioner had been released from detention. See Doc. 22. Accordingly, on January 7, 2014, the Magistrate Judge gave Respondent until January 24, 2014, to notify the Court as to Petitioner's custody status and place of custody, and to notify the Court as to whether Respondent contends Petitioner is or is not entitled to a custody hearing before an Immigration Judge or whether this matter had been rendered moot. See Doc. 23.

1      Petitioner filed a document on January 10, 2013, notifying the Clerk of the Court that Respondent had attempted to remove him from the United States but that he had been returned to custody in the Pinal County Jail, and asking the Clerk to consider his document as a "motion for continuance." The pleading appears to ask the Magistrate Judge to, on remand, "order a bond hearing". Doc. 24.

       On January 24, 2014, in timely response to the Court's order at Doc. 23, Respondent filed a status report. See Doc. 26. Respondent avers that, on October 1, 2013, after the Magistrate Judge issued his Report and Recommendation but before it was adopted by the Court, Petitioner requested a bond hearing before the Immigration Court. Respondent further alleges:

> On October 17, 2013, the Immigration Judge conducted a bond hearing pursuant to Rodriguez v. Robbins (Rodriguez II), 715 F.3d 1127 (9th Cir. 2013), and ordered that Petitioner be held at no bond, finding that he poses a danger to the community and flight risk. Immigration Judge's Order, October 17, 2013, Exhibit 2; Memorandum Order, November 7, 2013, Exhibit 3.
> On October 28, 2013, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). Board of Immigration Appeals Inquiry System printout, Exhibit 4. The BIA dismissed this appeal on January 15, 2014. Decision of the Board of Immigration Appeals, January 15, 2014, Exhibit 5.
> On November 7, 2013, Pakistan issued a travel document for Petitioner. The document was valid from November 6, 2013 to January 5, 2014. Declaration from Deportation Officer, K. Estepa ("Dec. of K. Estepa"), Exhibit 6, ¶ 6. The Department scheduled Petitioner's removal to Pakistan for December 17, 2013. Dec. of K. Estepa, Exhibit 6, ¶ 5.

Doc. 26 at 2.

Respondent further asserts:

> On December 17, 2013, Petitioner exited the United States in the custody of a removal team from the Department of Homeland Security. Dec. of K. Estepa, Exhibit 6, ¶ 7. On December 18, 2103, Petitioner and the removal team missed the connecting flight from Istanbul, Turkey, to Islamabad, Pakistan. The removal team and Petitioner did not have authorization to lawfully remain in Turkey long enough to board the next available flight to Pakistan. The removal team and Petitioner therefore returned to the United States. Dec. of K. Estepa, Exhibit 6, ¶ 8. On December 20, 2013, Petitioner returned to Pinal County Jail in Florence, Arizona, where he remains in the custody of the Department of Homeland Security.

Id. at 2.

Respondent also contends that: "On January 24, 2014, the Department received a new Pakistani travel document for Petitioner. The travel document is valid until April 20, 2014." Id. at 3.

**II  Analysis**

Petitioner seeks a bond hearing regarding his custody pending execution of his final order of removal to Pakistan.

Respondent contends:

> Petitioner remains at the Pinal County Jail, Florence, Arizona, in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE").
> [] Is Petitioner Entitled to a Custody Hearing Before an Immigration Judge?
> Petitioner has had a bond hearing which was held after the Report and Recommendation (doc. 13, filed September 24, 2013) issued in this matter, and after Petitioner's objection to the Report and Recommendation (doc. 15, filed October 7, 2013). On October 1, 2013, Petitioner requested a bond hearing before an immigration judge, invoking Casas, Diouf, Singh and Rodriguez. Exhibit 1. A bond hearing was held on October 17, 2013, pursuant to Rodriguez v. Robbins (Rodriguez

-4-

> <u>II</u>), 715 F.3d 1127 (9th Cir. 2013), at which the immigration judge ordered Petitioner be held with no bond on the ground that the government established by clear and convincing evidence that Petitioner posed a danger to the community and is a flight risk. Exhibits 2, 3 (pp. 7- 8). Petitioner appealed the order to the BIA, which denied the appeal. Exhibits 4, 5.
> Petitioner has had the bond hearing that he sought. In addition, Petitioner's continued detention does not violate <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001), in which the Supreme Court held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." An attempt at removal has already been made which would have been completed but for a missed connecting flight. A new removal date has been established in the near future, a new travel itinerary prepared, and a new travel document received from the Pakistani Consulate. In short, there is a significant likelihood that removal will occur in the reasonably foreseeable future.

Doc. 26 at 3-4.

Absent a finding that the petitioner's federal constitutional or substantive statutory rights have been violated, the Court lacks habeas jurisdiction to review some of the Attorney General's discretionary decisions, including the amount of bond, if any, set by an Immigration Judge. <u>See</u> <u>Prieto-Romero v. Clark</u>, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, <u>see</u> 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, <u>see</u> § 1226(e).").

After an alien is taken into immigration custody, the local ICE office makes an initial custody determination, including the setting of bond, if any. <u>See</u> 8 C.F.R. §

-5-

236.1(c)(8), 236.1(d). After the initial custody determination, the alien may request a bond redetermination by an Immigration Judge. See 8 C.F.R. § 236.1(d). The alien may appeal the Immigration Judge's bond determination to the Board of Immigration Appeals. See 8 C.F.R. § 236.1(d)(3). After the Immigration Judge has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. See 8 C.F.R. § 1003.19(e).

When making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Matter of Guerra, 24 I & N Dec. 37, 40 (BIA 2006), citing Matter of Patel, 15 I & N Dec. 666 (BIA 1976). An Immigration Judge may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the aliens manner of entry to the United States.

Matter of Guerra, 24 I & N Dec. at 40.

In this case, the record shows that Petitioner was afforded a bond redetermination hearing before an Immigration Judge and was provided the opportunity to submit evidence in support of his release. In determining whether Petitioner was entitled to bond, the Immigration Judge properly considered the factors set forth in Matter of Guerra. See Doc. 26, Exh. 3. The Immigration Judge determined, citing Petitioner's "extensive and serious criminal history," and Petitioner's disrespect for United States laws and the virtual impossibility of relief from removal, id., Exh. 3 at 5 & 7, that Petitioner was a flight risk and a potential danger to the community. Id., Exh. 2. Additionally, Petitioner exercised his right to appeal the Immigration Judge's decision to the BIA. Id., Exh. 5. Accordingly, there were no procedural deficiencies in the bond proceedings.

Neither has Petitioner's right to due process been implicated by the length of his detention. Federal law provides: "Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). In Zadvydas v. Davis, the United States Supreme Court held section 1231 could not be read to authorize the potentially indefinite detention of a removable alien. The Supreme Court concluded due process concerns were implicated by the detention of an alien, pending their removal from the United States, for more than six months after the expiration of the

removal period.  See 533 U.S. 678, 121 S. Ct. 2491 (2001).

In <u>Zadvydas v. Davis</u>, the United States Supreme Court held that, absent special circumstances, resident aliens who demonstrate that they are unlikely to be removed in the reasonably foreseeable future, primarily because no country will accept them, cannot be "indefinitely" detained pending their removal.  See 533 U.S. at 699-702, 121 S. Ct. at 2404-05.  The Court construed 8 U.S.C. § 1231(a)(6), authorizing detention beyond the ninety-day removal period, to limit such detention to a period reasonably necessary to effect removal.

Petitioner's order of removal became administratively final on October 31, 2012.  The 90-day removal period expired January 28, 2013.  The six-month presumptively reasonable post-removal period term of detention expired July 27, 2013.

Accordingly, at this time Petitioner has been held for a little over six months beyond the presumptively constitutionally reasonable post-removal period.  However, Petitioner's removal has been attempted once and appears to again be imminent.  Accordingly, Petitioner has not met his burden of establishing there is "no significant likelihood of removal in the foreseeable future," and, accordingly, his continued detention does not violate his constitutional rights.

The Magistrate Judge concludes that Petitioner's detention does not violate his federal constitutional rights nor federal statutes.  Petitioner has received an individualized bond hearing, at which the Immigration Judge determined Petitioner should not be released pending his removal to Pakistan.  Petitioner's removal is not indefinite, as Pakistan

has not refused his repatriation, nor at this time has his detention by Respondent been sufficiently lengthy to implicate his due process rights. Accordingly, Petitioner is not entitled to federal habeas relief pursuant to section 2241.

### III Conclusion

Although the Court retains jurisdiction to review discretionary decisions when a petitioner's detention violates due process or exceeds statutory authority, see Gutierrez-Chavez v. INS, 298 F.3d 824, 828 (9th Cir. 2002), Petitioner fails to articulate any constitutional or statutory claim to relief pursuant to section 2241. As the Court can provide no other relief, Petitioner's section 2241 action should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Mr. Shazad's request for an individualized bond hearing be **denied, and that this matter be dismissed**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules

of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of February, 2014.

_____
Mark E. Aspey
United States Magistrate Judge